THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FLORA C. CHANNELS<br>    Plaintiff,<br><br>v.<br><br>NELNET INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, TRANS UNION, LLC<br>    Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Flora C. Channels, an individual consumer, against Defendant Nelnet Inc., Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendant Equifax Information Services, LLC's principal place of business is in the State of Georgia.

### III. PARTIES

4. Plaintiff Flora C. Channels is a natural person residing in Oklahoma City Oklahoma.

5. Plaintiff Flora C. Channels is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

6. Upon information and belief, Defendant Nelnet Inc. (hereinafter "Nelnet"), is a Nebraska company with a principal place of business of 121 S. 13th Street, Suite 100 Lincoln, NE 68508.

7. Nelnet Inc., is a "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq.*

8. Nelnet Inc., is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a.

9. Defendant Experian Information Solutions LLC (hereinafter "Experian") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

10. Defendant Experian is a California corporation duly authorized and qualified to do business in the State of Georgia.

11. Upon information and belief, Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

12. Defendant Experian prepared and issued credit reports concerning Plaintiff which include inaccurate information.

13. Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

14. Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

15. Upon information and belief, Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

16. Defendant Trans Union, LLC (hereinafter "Trans Union") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

17. Trans Union is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

18. Upon information and belief, Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

19. Defendant Trans Union prepared and issued credit reports concerning Plaintiff which included inaccurate information.

20. Upon information and belief, Defendants Trans Union, Equifax, and Experian are regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## IV.   FACTS OF THE COMPLAINT

21. Ms. Channels has student loans that are currently serviced by Nelnet.

22. Due to hardship, Ms. Channels requested from Nelnet and was approved for a forbearance from her payment obligation from August 2023 through November 2023.

23. On or about October 2023, Nelnet began reporting Ms. Channels's loan account as being ninety (90) days late to Equifax, Experian, and Trans Union.

24. On numerous occasions, Ms. Channels has disputed the false debt both directly with Nelnet and through each of the consumer reporting agencies.

25. Nelnet has repeatedly verified the inaccurate tradeline as accurate.

26. Most recently, on or about February 26, 2024, Ms. Channels mailed written disputes to Trans Union, Experian, and Equifax.

27. Each CRA failed to remove the inaccuracy from Ms. Channels's credit report.

28. Despite Ms. Channels's numerous disputes, each Defendant has repeatedly failed to correct Ms. Channels' payment history.

29. Upon information and belief, Trans Union, Equifax, and Experian each forwarded Ms. Channels's disputes to Nelnet.

30. None of the Defendants conducted an adequate or thorough investigation into Ms. Channels's disputes.

31. Instead, the Defendants verified the information as accurate, and the inaccurate account remained on Ms. Channels's credit report.

32. As a result of Nelnet's failure to correct this inaccurate information from Ms. Channels's credit reports, she suffered actual damages, including credit denials, a reduced credit score, stress, anxiety, and emotional distress.

5

33. As a standard practice, Trans Union, Equifax, and Experian do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

34. Upon information and belief and consistent with their standard policies and procedures, Trans Union, Equifax, and Experian automatically generated their "investigation" results once Nelnet provided their responses to Ms. Channels's disputes, verifying that the account belonged to her, and no Equifax, Trans Union, or Experian employee took any additional steps after the furnishers provided their responses to Ms. Channels's disputes.

35. Instead, Trans Union, Equifax, and Experian blindly accepted the furnishers' version of the facts and continued to report the inaccurate, derogatory information on Ms. Channels's credit report.

36. Trans Union, Equifax, and Experian continue the practice of parroting the response from their furnishers even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

37. Trans Union, Equifax, and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

38. Instead, Trans Union, Equifax, and Experian intentionally choose not to comply with the FCRA to lower their costs and increase profits. Accordingly, Trans Union's, Equifax's, and Experian's violations of the FCRA were willful.

39. At all times pertinent to this Complaint, Nelnet's processing of consumer disputes was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, its conduct was willful because it was intentionally accomplished through intended procedures and because its efficiency in processing disputes

is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

40. Defendants Experian, Equifax, and Trans Union's publishing of such inaccurate and incomplete information has damaged the personal and credit reputation of Ms. Channels and caused severe humiliation, adverse action, emotional distress, and mental anguish.

## V. CAUSES OF ACTION

41. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

42. All causes of action were the producing causes of damages, which Plaintiff suffered.

## VI. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Defendant Nelnet only)

43. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

44. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

45. Plaintiff disputed the account with one or more credit bureaus, as discussed above.

46. When Plaintiff disputed his account with the credit bureaus, Defendants used a dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher customers (such as Defendants).

47. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

48. When a consumer reporting agency receives a consumer dispute, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

49. Upon information and belief, the ACDV form is the method by which Defendants have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

50. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute via an ACDV to Defendants.

51. Defendants understood the nature of Plaintiff's disputes when it received the ACDV forms.

52. Upon information and belief, when Defendants received the ACDV form containing Plaintiff's dispute, it followed a standard and systematically unlawful process where it only reviews its own internal computer screen for

the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

53. Upon information and belief, when Defendants receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

54. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered concrete and particularized harm, including loss of credit, damage to reputation, embarrassment, humiliation, stress, and other emotional distress.

55. Defendants' conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rendering them liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## VII. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (Defendant Nelnet only)

57. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

58. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

59. As Plaintiff detailed in the previous Count, Defendants has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

60. Defendants are aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

61. Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

62. Defendants understood Plaintiff's disputes and that Plaintiff claimed the account did not belong to her.

63. As a result of Defendants' violations of 15 U.S.C. § 1681-2(b)(1)(B), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

64. Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

65. In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## VIII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (Defendant Nelnet only)

66. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

67. Nelnet violated 15 U.S.C. § 168ls-2(b)(l)(C) and (D) by publishing the false information within Plaintiff's credit files with and to Trans Union, Equifax, and Experian in response to his dispute and by failing to correctly report results of an accurate investigation to each credit reporting agency.

68. Plaintiff's disputes were, at a minimum, bona fide.

69. As a result of these violations of 15 U.S.C. § 1681s-2(b)(l)(C) and (D), Plaintiff suffered actual damages, including but not limited to loss of credit opportunity, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

70. Nelnet's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

71. In the alternative, Nelnet was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### IX. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(E)
### (Defendant Nelnet only)

73. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

74. Nelnet has violated 15 U.S.C. § 1681s-2(b)(1)(E) including but not limited to its failure to have a procedure to (i) modify the information in its system, (ii) delete that item of information, or (iii) permanently block the reporting of the information.

75. As a result of these violations of 15 U.S.C. § 1681s-2(b)(l)(E), Plaintiff suffered actual damages, including but not limited to loss of credit

opportunity, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

76. Nelnet's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

77. In the alternative, Nelnet was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## X. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendants Trans Union, Experian, and Equifax only)

79. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

80. Trans Union, Equifax, and Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

81. As a result of Trans Union, Equifax, and Experian's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

82. Trans Union, Equifax, and Experian's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

83. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### XI. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i
### (Defendant Trans Union, Experian, and Equifax only)

84. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

85. Trans Union, Equifax, and Experian violated multiple sections of § 1681i, including but not limited to (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of

15

§1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

86. As a result of Trans Union, Equifax, and Experian's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

87. Trans Union, Equifax, and Experian's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

88. In the alternative, Trans Union, Equifax, and Experian were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### XIV.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flora C. Channels respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Flora C. Channels and against Defendants Nelnet Inc., Trans Union, Equifax, and Experian for the following:

a. Judgment that each Defendant violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
JEFFREY A. WILSON